McGREGOR W. SCOTT
United States Attorney
KIMBERLY A. SANCHEZ
LAURA JEAN BERGER
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>GABRIEL ZAMORA CHAVEZ, ET AL<br><br>     Defendant. | CASE NO. 1:19-CR-00226 DAD-BAM<br><br>STIPULATION TO CONTINUE STATUS CONFERENCE AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>DATE: January 27, 2021<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is set for status conference on January 27, 2021. The parties stipulate and request that the January 27, 2021 status conference be continued to April 14, 2021, and that time be excluded. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1    emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

2    openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

3    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

4    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

5    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

6    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

7    or in writing").

8         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

9    and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

10   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

11   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

12   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

13   3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the

14   case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

15   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

16        The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

17   18 U.S.C. § 3161(h)(7).  Although the Speedy Trial Act does not directly address continuances

18   stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a

19   continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice

20   continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).

21   The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also*

22   *United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

23   following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus

24   is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory

25   rules.

26        In light of the societal context created by the foregoing, this Court should consider the following

27   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

28

STIPULATION REGARDING EXCLUDABLE TIME          2
PERIODS UNDER SPEEDY TRIAL ACT

1  justice exception, § 3161(h)(7). [2]   *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting

2  any pretrial continuance must be "specifically limited in time").

### STIPULATION

4      Plaintiff United States of America, by and through its counsel of record, and defendants, by and

5  through defendants' counsels of record, hereby agree and stipulate as follows, and request that the Court

6  find the following:

7      1.      By previous order, this matter was set for a status conference on January 27, 2021.

8      2.      By this stipulation, the parties agree and request to continue the January 27, 2021 status

9  conference to April 14, 2021, and to exclude time between January 27, 2021 and April 14, 2021, under

10  18 U.S.C. § 3151(h)(7)(A), B(iv).

11      3.      The parties mutually agree and stipulate, and hereby request that the Court find the

12  following:

13          a)      The government has represented that the discovery associated with this case

14      includes investigative reports and related documents, photographs, dispatch recordings, and other

15      recordings.  All of this discovery has been either produced directly to counsel and/or made

16      available for inspection and copying.

17          b)      Counsel for defendants desire additional time to review discovery in this matter

18      and to conduct investigation and research related to the charges and research surrounding

19      potential defenses.

20          c)      Counsel for defendants believe that failure to grant the above-requested

21      continuance would deny them the reasonable time necessary for effective preparation, taking into

22      account the exercise of due diligence.

23          d)      The government does not object to the continuance.

24          e)      Based on the above-stated findings, the ends of justice served by continuing the

25      case as requested outweigh the interest of the public and the defendants in a trial within the

26      original date prescribed by the Speedy Trial Act.

27
28  [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

2  et seq., within which trial must commence, the time period from the date the Order is signed to

3  April 14, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv)

4  because it results from a continuance granted by the Court at defendants' request on the basis of

5  the Court's finding that the ends of justice served by taking such action outweigh the best interest

6  of the public and the defendant in a speedy trial.

7    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

8  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

9  must commence.

10    IT IS SO STIPULATED.

11

12

13  Dated:  January 22, 2021                    MCGREGOR W. SCOTT
                                                United States Attorney

14

15                                             /s/ LAURA JEAN BERGER
                                               LAURA JEAN BERGER
16                                             Assistant United States Attorney

17

18  Dated:  January 22, 2021                    /s/ JANAY KINDER
                                               JANAY KINDER
19                                             Counsel for Defendant Zamora
                                               Chavez
20  Dated:  January 22, 2021                    /s/ AMANDA MORAN
                                               AMANDA MORAN
21                                             Counsel for Defendant Aparicio

22

23

24

25

26

27

28

## **ORDER**

IT IS SO ORDERED that the status conference is continued from January 27, 2021, to **April 14, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).


IT IS SO ORDERED.

Dated:   **January 22, 2021**          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE