PHILLIP A. TALBERT
Acting United States Attorney
KIMBERLY A. SANCHEZ
LAURA JEAN BERGER
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:19-CR-00226 DAD-BAM |
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| GABRIEL ZAMORA CHAVEZ, ET AL | DATE:  October 20, 2021 |
| Defendant. | TIME:  1:00 p.m. COURT: Hon. Barbara A. McAuliffe |

This case is set for status conference on October 27, 2021.  The parties stipulate and request that the October 27, 2021 status conference be continued to February 23, 2022, and that time be excluded. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1    Although the General Orders address the district-wide health concern, the Supreme Court has

2    emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

3    openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

4    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

5    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

6    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

7    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

8    or in writing").

9    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10   and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

11   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

12   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

13   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

14   3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the

15   case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

16   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

17   The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

18   18 U.S.C. § 3161(h)(7).  Although the Speedy Trial Act does not directly address continuances

19   stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a

20   continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice

21   continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).

22   The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also*

23   *United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

24   following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus

25   is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory

26   rules.

27   In light of the societal context created by the foregoing, this Court should consider the following

28   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7). [2]   *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsels of record, hereby agree and stipulate as follows, and request that the Court find the following:

1.      By previous order, this matter was set for a status conference on October 27, 2021.

2.      By this stipulation, the parties agree and request to continue the October 27, 2021 status conference to February 23, 2022, and to exclude time between July 28, 2021 and February 23, 2022, under 18 U.S.C. § 3151(h)(7)(A), B(iv).

3.      The parties mutually agree and stipulate, and hereby request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative reports and related documents, photographs, dispatch recordings, and other recordings.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendants desire additional time to review discovery in this matter and to conduct investigation and research related to the charges and research surrounding potential defenses, as well as to discuss potential resolution and to evaluate resolution in light of the discovery, and for general trial preparation purposes.  Additionally, the government has provided proposed plea agreements to counsel for defendants, and counsel will review the proposed plea agreements with the defendants.

c)      Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  e)  Based on the above-stated findings, the ends of justice served by continuing the

2  case as requested outweigh the interest of the public and the defendants in a trial within the

3  original date prescribed by the Speedy Trial Act.

4  f)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

5  et seq., within which trial must commence, the time period from the date the Order is signed to

6  February 23, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv)

7  because it results from a continuance granted by the Court at defendants' request on the basis of

8  the Court's finding that the ends of justice served by taking such action outweigh the best interest

9  of the public and the defendant in a speedy trial.

10  4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the

11 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

12 must commence.

13  IT IS SO STIPULATED.

15  Dated:  October 19, 2021                    PHILLIP A. TALBERT
                                                Acting United States Attorney

17                                              /s/ LAURA JEAN BERGER
                                                LAURA JEAN BERGER
18                                              Assistant United States Attorney

20  Dated:  October 19, 2021                    /s/ JANAY KINDER
                                                JANAY KINDER
21                                              Counsel for Defendant Zamora
                                                Chavez

23  Dated:  October 29, 2021                    /s/ AMANDA MORAN
                                                AMANDA MORAN
24                                              Counsel for Defendant Aparicio

## **ORDER**

IT IS SO ORDERED that the status conference is continued from October 27, 2021, to **February 23, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **October 20, 2021**                          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE