PHILLIP A. TALBERT
United States Attorney
KIMBERLY A. SANCHEZ
LAURA JEAN BERGER
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>GABRIEL ZAMORA CHAVEZ, ET AL<br><br>                              Defendant. | CASE NO. 1:19-CR-00226 DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>DATE: February 23, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

        This case is set for status conference on February 23, 2022. The parties stipulate and request that the February 23, 2022 status conference be vacated and that a Change of Plea be set for April 25, 2022, and that time be excluded. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

---

        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1    Although the General Orders address the district-wide health concern, the Supreme Court has

2    emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

3    openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

4    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

5    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

6    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

7    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

8    or in writing").

9    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10   and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

11   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

12   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

13   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

14   3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the

15   case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

16   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

17   The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

18   18 U.S.C. § 3161(h)(7).  Although the Speedy Trial Act does not directly address continuances

19   stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a

20   continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice

21   continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).

22   The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also*

23   *United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

24   following the September 11, 2001 terrorist attacks and the resultant public emergency).

25   The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

26   proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-

27   exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

28   continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL

1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]   *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsels of record, hereby agree and stipulate as follows, and request that the Court find the following:

1.      By previous order, this matter was set for a status conference on February 23, 2022.

2.      By this stipulation, the defendants now move to vacate the status conference in order to set a Change of Plea hearing for April 25, 2022 before United States District Court Judge Dale A. Drozd, and to exclude time between February 23, 2022 and April 25, 2022, under 18 U.S.C. § 3151(h)(7)(A), B(iv) [Local Code T4].

3.      The parties mutually agree and stipulate, and hereby request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative reports and related documents, photographs, dispatch recordings, and other recordings.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

_____

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

b)      Counsel for defendants desire additional time to conduct further investigation into the case and its resolution.  Additionally, the government has provided proposed plea agreements to counsel for defendants, and counsel will review the proposed plea agreements with the defendants.  Counsel for the government and counsel for defendants reasonably believe that the case will resolve pursuant to a plea on April 25, 2022.

c)      Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and in any event if the case does not resolve pursuant to the plea as anticipated, counsel for defendants believe that the lack of a continuance would deny them the reasonable time necessary for effective preparation in the event of a trial.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from the date the Order is signed to April 25, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

\\\

Dated:  February 16, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ LAURA JEAN BERGER
LAURA JEAN BERGER
Assistant United States Attorney

Dated:  February 16, 2022

/s/ JANAY KINDER
JANAY KINDER
Counsel for Defendant Zamora
Chavez

Dated:  February 16, 2022

/s/ AMANDA MORAN
AMANDA MORAN
Counsel for Defendant Aparicio

## **ORDER**

IT IS SO ORDERED that the status conference set for February 23, 2022, is vacated. A change of plea hearing is set for **April 25, 2022, at 9:00 a.m. before District Judge Dale A. Drozd**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **February 16, 2022**         /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5