MICHELE BECKWITH
Acting United States Attorney
ROBERT L. VENEMAN-HUGHES
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VALDEMAR ZAMORA APARICIO,<br><br>　　　　Defendant. | Case No. 1:19-cr-00226-JLT-BAM<br><br>**MOTION FOR PARTIAL WAIVER OF ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES; ORDER THEROF** |

　　　　The United States of America moves for an Order finding a partial waiver of the attorney-client and work product privileges and permitting discovery as to defendant Valdemar Zamora Aparicio communications with his prior counsel, Amanda Moran, and as to his counsel's work product in connection with the representation of Zamora Aparicio in this case. Zamora Aparicio has waived such privileges based on his Motion Under 28 U.S.C. § 2255, filed March 5, 2024 ("§ 2255 Motion"), which asserts claims of ineffective assistance by his former counsel. ECF 103 at 2. Habeas petitioners who raise such claims waive attorney-client privilege "as to all communications with [the] allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). The waiver also applies to any work product protection. *Id.* at 722 n.6. Zamora Aparicio may avoid waiver only if he abandons the ineffective assistance claims in the § 2255 Motion. *Id.* at 721.

　　　　There is good cause for discovery of attorney-client communications and work product privilege concerning the issues raised in Zamora Aparicio § 2255 Motion. The § 2255 Motion alleges

that his former counsel provided ineffective assistance because "he"[1] did not adequately meet with defendant to prepare a defense. ECF 103 at 2.

Government counsel has conferred with defendant's prior counsel, Ms. Moran, concerning the government's need to discuss with Ms. Moran the circumstances of Ms. Moran's communications with her client in order to respond to the § 2255 Motion. Ms. Moran has indicated that she will undertake such discussion once the government obtains an order finding a privilege waiver. The government is seeking a court order finding a privilege waiver to permit Ms. Moran to discuss with the government her attorney-client communications and/or work product relevant to the response to Zamora Aparicio 's § 2255 Motion, and to provide a declaration responding to Zamora Aparicio's allegations and addressing such privileged communications and work product.

The United States respectfully requests that the Court find that, if Zamora Aparicio does not timely withdraw his allegations concerning ineffective assistance of counsel, he has waived the attorney-client privilege as to all communications with his former counsel and any privilege as to his counsel's work product, with respect to the allegations in his § 2255 Motion. The government further requests that the Court order that Zamora Aparicio's former counsel, Ms. Moran, may provide the government with a declaration responding to Zamora Aparicio's § 2255 motion and with records relevant to the response to Zamora Aparicio's motion.

Dated: February 4, 2025

        Respectfully submitted,

        MICHELE BECKWITH
        Acting United States Attorney

        /s/ Robert L. Veneman-Hughes
        ROBERT L. VENEMAN-HUGHES
        Assistant U.S. Attorney

///

///

---

[1] Defendant refers to Ms. Moran as "he" throughout his discussion of prior counsel.

# ORDER

Good cause appearing, the United States' motion for partial waiver of petitioner Zamora Aparicio's attorney-client privilege and the work product privilege, and for the compelled discovery of certain attorney-client communications and work product, is GRANTED as follows:

(1) The attorney-client privilege of defendant Valdemar Zamora Aparicio is waived with respect to all communications between Zamora Aparicio and his former attorney, Amanda Moran, concerning matters related to defendant's ineffective assistance of counsel claim in his § 2255 Motion (ECF 103).

(2) The work product privilege is waived with respect to the work product of attorney Moran concerning matters related to Zamora Aparicio's ineffective assistance of counsel claim in his § 2255 Motion.

(3) Attorney Moran, and her staff and agents if relevant, may disclose to the government communications with Zamora Aparicio and work product concerning matters relating to the ineffective assistance of counsel claim Zamora Aparicio raises in his § 2255 motion.

(4) Ms. Moran may provide the government with a declaration addressing attorney-client communications and work product concerning matters related to the ineffective assistance of counsel claim raised in Zamora Aparicio's § 2255 motion. Ms. Moran may communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

(5) The government shall not use or disclose the privileged material it obtains pursuant to this Order for any purpose, or in any matter, other than this § 2255 proceeding.

///
///
///
///
///
///
///
///

ALTERNATIVELY, the Court orders that if the finding of waiver changes the defendant's decision on whether to proceed with his § 2255 Motion, he must notify this Court within 14 days of the date of this Order by withdrawing his allegations concerning ineffective assistance of counsel in his motion. Failure to do that confirms the alternative portion of this Order finding waiver.

IT IS SO ORDERED.

Dated: __**February 4, 2025**__                                   _[signature]_
                                                                              UNITED STATES DISTRICT JUDGE