UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VALDEMAR ZAMORA APARICIO,<br><br>Defendant. | Case No.  1:19-cr-00226-JLT-EPG-2<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

Valdemar Zamora Aparicio is a former federal prisoner who seeks to vacate, set aside, or correct his sentence. (Docs. 103 & 115 respectively, together the "§ 2255 Motion").[1] The government opposes the motion. For reasons set forth below, the Court **DENIES** the § 2255 Motion without and **DECLINES** issuance of a certificate of appealability.

## I.    BACKGROUND

In 2019, a grand jury indicted Aparicio on charges of Conspiracy to Distribute and Possess with Intent to Distribute Marijuana in violation of 21 U.S.C. § 846, 841(a)(1) [Count Three], and Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(1) [Count Four]. (Doc. 13). In 2021, Aparicio filed motions to suppress evidence and to dismiss the indictment. He contended that the initial traffic stop was unreasonable such that all evidence seized as a result of the

---

[1] The § 2255 Motion was timely filed. *See* 28 U.S.C. § 2255(f); Fed. R. App. P. 4(b)(1). The government does not contend otherwise. (Doc. 127).

1

stop should be suppressed. The Court denied the motions following briefing and a contested evidentiary hearing at which Aparicio testified. (Docs. 39, 42).

In 2022, Aparicio pleaded guilty in open court under a plea agreement to violating Count Four. (Docs. 59, 61). Pursuant to the plea agreement, Aparicio waived the right to "pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could have been filed", and also waived his right to appeal, including the "right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims." (Doc. 59 at 7-8; Doc. 61).[2] In 2023, the Court sentenced Aparicio to 78 months in custody, followed by 48 months of supervised release, which would be unsupervised release if he was deported.[3] (Docs. 82, 87). The Court entered judgment on March 23, 2023. (Doc. 88). Aparicio did not appeal. (*See* docket).

## II.    STANDARD OF DECISION

"A federal prisoner challenging the legality of detention generally must do so by a motion pursuant to 28 U.S.C. § 2255." *Scaggs v. Ciolli*, 2023 WL 1879461, at *1 (9th Cir. February 10, 2023) (citing *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006)). Under § 2255, a prisoner in federal custody under sentence imposed by a federal court, may collaterally attack the validity of his conviction or sentence by filing a motion to vacate, set aside or correct the sentence in the court that imposed the sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Section 2255 also enumerates the grounds upon which a sentencing court may grant the federal prisoner relief: "[u]pon the ground that [1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] . . . the court was without jurisdiction to impose such sentence, or [3] . . . the sentence was in excess of the maximum authorized by law, or [4] [the sentence] . . . is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see also United States v. Roper*, 72 F.4th 1097, 1102

---

[2] Reference to pagination is to CM/ECF system page numbering.

[3] "Unsupervised release," meaning "supervised release without supervision," is generally imposed on alien defendants expected to be deported upon completion of their sentence. *See United States v. Garcia-Garcia*, 939 F.2d 230, 232 n.2 (5th Cir. 1991); *cf.* U.S.S.G. § 5D1.1(c) ("The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment.").

(9th Cir. 2023), *abrogated on other grounds by Fernandez v. United States*, No. 24-556, 2026 WL 1485476, at *7 (U.S. May 28, 2026) (quoting *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999)) ("Section 2255 grants a prisoner in custody the right at any time to bring a motion to vacate, set aside or correct the sentence upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law. . . .").

A successful § 2255 motion requires the federal prisoner to demonstrate the existence of an error of constitutional magnitude that "had a substantial and injurious effect or influence on the guilty plea or [ ] jury's verdict" and show the error resulted in actual prejudice. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Section 2255 relief is only warranted where a movant shows the asserted "fundamental defect . . . inherently result[ed] in a complete miscarriage of justice." *United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008); *United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.")

"Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating "vague and conclusory" allegations in a § 2255 motion do not support relief); *Neighbors v. United States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of § 2255 motion where the allegations regarding ineffective assistance of counsel were entirely conclusory and without support in the record).

III.   DISCUSSION

As a threshold matter, "a defendant seeking relief under 28 U.S.C. § 2255 . . . must be in custody, [and] ... claim the right to be released from custody." *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999). Here, the Bureau of Prisons ("BOP") inmate locator indicates that Aparicio was released from custody on April 10, 2025.[4] Despite Aparicio being out of BOP custody, he is still under supervised release (or unsupervised release if deported) and therefore in custody within the meaning of

[4] See Inmate Locator & Record Availability, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 4, 2026).

3

§ 2255. *Mujahid v. Daniels*, 413 F. 3d 991, 994 (9th Cir. 2005) (*quoting Matus–Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002)) ("[A] habeas petitioner remains in the custody of the United States while on supervised release")). In his § 2255 Motion, Aparicio seeks relief from his "fraudulent conviction." (Doc. 103 at 2). He claims as grounds for relief ineffective assistance of counsel and other alleged constitutional errors. (*Id.*)

### A.   Ineffective Assistance of Counsel

Ineffective assistance of counsel claims may be heard on collateral review, even if a defendant could have, but failed to, bring those claims on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504-05, 509 (2003); *see also United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993); *United States v. Ratigan*, 351 F.3d 957, 964-65 (9th Cir. 2003). To prevail on claimed ineffective assistance of counsel, a defendant must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* The law governing ineffective assistance of counsel claims is clearly established. *Canales v. Roe*, 151 F.3d 1226, 1229 (9th Cir. 1998). In *Strickland*, the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice." 466 U.S. at 687.

First, "deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (citing *Strickland*, 466 U.S. at 688). The defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *See Strickland*, 466 U.S. at 690; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) (same). There is a strong presumption that counsel's performance fell within the "wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689; *Quintero-Barraza*, 78 F.3d at 1349; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

Second, to demonstrate prejudice, the movant must show that "there is a reasonable probability

4

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' " *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *United States v. Leonti*, 326 F.3d 1111, 1120 (9th Cir. 2003) (same).

The Sixth Amendment right to the effective assistance of counsel extends to the plea-bargaining process, including the decision whether to accept or reject a plea offer. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *see also Hill*, 474 U.S. at 57-59; *Premo v. Moore*, 562 U.S. 115, 129 (2011) (quoting *Hill,* 474 U.S. at 59) (to prevail on prejudice in the context of a plea, defendant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). Where a defendant pleaded guilty and no trial occurred, "the defendant must demonstrate that absent h[is] attorney's incompetence, [the defendant] would rationally have rejected the plea bargain and would either have gone to trial or received a better plea bargain instead." *United States v. Valle-Rodriguez*, 2026 WL 323123, at *2 (N.D. Cal. Feb. 6, 2026) (quoting *Rodriguez*, 49 F.4th at 1213 (cleaned up)); *see also Moore*, 562 U.S. at 125 ("[S]trict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage.").

Aparicio claims that his counsel was ineffective because she met with him for just 3 hours, passed information to the prosecution, and told him not to cooperate with the prosecution. (Doc. 103 at 2). The Court finds Aparicio's allegations to be vague, conclusory, untethered to the factual record, and specifically refuted by the plea agreement and the declaration of counsel supporting the opposition to the § 2255 Motion. For example, Aparicio does not explain with facts how counsel was deficient in relation to suppression of evidence. The record specifically belies the allegation. The suppression motion was fully briefed and contested at a lengthy evidentiary hearing at which Aparicio testified. (*See* Doc. 39). The Court denied the motions for suppression and dismissal in a lengthy reasoned order. (Doc. 42). Even if counsel were deficient as alleged, Aparicio does not point to facts suggesting a reasonable probability of a different outcome had counsel acted competently.

Aparicio has not pointed to facts that counsel was deficient in relation to guilty plea proceedings and that the plea agreement was invalid on that basis. For example, Aparicio reviewed the plea agreement with counsel, understood it, voluntarily agreed to it including as the factual basis for his guilty plea, and stated his satisfaction with counsel's representation in the case. (*See* Doc. 59 at 9-11; Doc. 61); *see also Chizen v. Hunter*, 809 F.2d 560, 562 (1986) (noting that "statements made by a criminal defendant contemporaneously with his plea should be accorded great weight" because "[s]olemn declarations made in open court carry a strong presumption of verity"); *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (citing *Machibroda v. U.S.*, 368 U.S. 487, 495-496 (1962)) ("[T]he representations of the defendant, his lawyer, and the prosecutor at such a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). Even if counsel were deficient as alleged, Aparicio has not argued much less shown that absent counsel's deficient conduct, he rationally would not have pleaded guilty but rather proceeded to trial or received a better plea deal. *See Hill*, 474 U.S., at 56 (quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)) ("[T]he longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.").

Nothing before the Court suggests that counsel deficiently investigated and presented the defense case at sentencing, for the reasons stated. In any event, Aparicio has not pointed to facts raising a reasonable probability of a different sentencing outcome absent any allegedly deficient conduct. Significantly, the declaration of counsel Moran refutes point by point Aparicio's vague and conclusory allegations of ineffective assistance. Counsel avers that she reviewed discovery and suppression issues with Aparicio and discussed possible defenses and Aparicio's desire to testify at the suppression hearing. (Doc. 127-1 at 2, 6). Counsel avers that following denial of the suppression motion and further discussion with Aparicio, she pursued the plea deal. (*Id.* at 4). Counsel avers that after the guilty plea, she discussed sentencing issues with Aparicio and prepared a sentencing memorandum with his input. (*Id.* at 5). Counsel avers that contrary to Aparicio's assertions, she did

not provide his information to the prosecution, or advise him not to cooperate with the prosecution. (*Id.* at 5-6). Counsel avers that she devoted over 97 hours to Aparicio's case including at least 18 hours speaking with him – not the 3 total hours asserted by Aparicio. (*Id.* at 5).  Therefore, the Court finds that Aparicio has not alleged facts overcoming the presumption that counsel's conduct was reasonable and strategically motivated, and falls short of stating a cognizable claim. *See Strickland*, 466 U.S. at 689 ("[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). Aparicio's mere "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James*, 24 F.3d at 26; *see also Mazzei,* 2026 WL 1194920, at *4 ("[P]resentation of conclusory allegations unsupported by specifics is subject to summary dismissal. . . .").

Particularly so given Aparicio's voluntary and knowing guilty plea and the presumption that counsel acted reasonably and strategically during the representation. *See Strickland*, 466 U.S. at 689; *see also Flores-Ortega*, 528 U.S. at 482 ("We normally apply a strong presumption of reliability to judicial proceedings and require a defendant to overcome that presumption [citations] by show[ing] how specific errors of counsel undermined the reliability of the finding of guilt[.]"); *see also Hill*, 474 U.S., at 56 (citing *McMann v. Richardson,* 397 U.S. 759, 771 (1970)) ("[T]he voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases[;]"); *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (citing *McMann*, 397 U.S., at 771) ("If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases[.]").

## B.    Other Constitutional Claims

It appears that Aparicio may be complaining about the denial of his suppression motion, a *Miranda* violation, a *Brady* violation, denial of his right to testify including as to his lack of criminal intent, and insufficient evidence. (*See* Doc. 103 at 2-3). He also complains that possession of marijuana should not be a federal criminal offense. (*Id*). However, a federal prisoner who fails to raise such claims on direct appeal procedurally defaults them and must demonstrate cause and prejudice or actual innocence to obtain relief under § 2255. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Notably Aparicio, advised by the sentencing Court of his rights on appeal, did not request appellate

counsel or file a notice of appeal. (*See* Doc. 87; docket). Nor does Aparicio argue or point to facts suggesting cause or prejudice or actual innocence sufficient to overcome the procedural default bar. For example, Aparicio's purported claims are not novel, and there is no indication of prejudice or actual innocence for the reasons stated. *See* e.g., *Reed v. Ross*, 468 U.S. 1, 16 (1984) (a petitioner may demonstrate cause if his "constitutional claim is so novel that its legal basis is not reasonably available to counsel."). Additionally, any such purported constitutional claims are unsupported in the factual record and barred by the guilty plea and plea waivers, as discussed above. (*See* Docs. 59 at 7-8; Doc. 61).

### C.    Failure to Prosecute

The Court finds that Aparicio has failed to prosecution this action because he has not kept the Court and the government apprised of his current address. In this district, a party proceeding *pro se* is required to:

> "[K]eep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

E.D. Cal. Local Rule (LR) 183(b).  Despite this requirement, the Court mailed documents to Aparicio, which were returned undelivered to the Clerk of Court on January 30, 2026. (Doc. 129). Aparicio has not provided the Court with a current address. (*See* docket).

### D.    Evidentiary Hearing

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, [u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255); *see also United States v. Jaramillo*, 2025 WL 2462728, at *20  (E.D. Cal. 2025) (same). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *See United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *Rodriguez*, 49 F.4th at 1213 (same). To earn the right to a hearing, the movant must make specific factual allegations which, if true, would entitle him to relief. *McMullen*, 98 F.3d at 1159. "The

8

Ninth Circuit's rule is that merely conclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Therefore, a § 2255 motion does not automatically entitle a movant to a hearing if the issues can be conclusively decided on the basis of the evidence in the motion, files, and records. *Allison,* 431 U.S. at 80-82; 28 U.S.C. § 2255(b); *see also United States v. Mejia–Mesa,* 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"); Habeas Rule 8(a) (the court must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Habeas Rule 7 to determine whether an evidentiary hearing is warranted); *Fontaine v. United States,* 411 U.S. 213, 215 (1973) (§ 2255 hearing required unless motion, files, and records conclusively show movant is not entitled to relief). The district court exercises its discretion and common sense in determining whether a hearing is necessary. *U.S. v. Tate*, 523 F. Supp. 2d 165, 169 (D. Conn. 2007); *see also U.S. v. Martinez*, 475 F. Supp. 2d 154, 161 (D. Conn. 2007) (a district court is permitted to dispose of a motion to vacate without hearing where the case records demonstrate the movant's claims lack merit).

Aparicio is not entitled to a § 2255 hearing because his claims are not cognizable and subject to dismissal, for the reasons stated. *United States v. Peterson*, 2025 WL 2780042, at *13 (E.D. Cal. Sept. 30, 2025) (movant is not entitled to a § 2255 hearing because his claims are not a basis for relief). The § 2255 Motion may be denied as a matter of law, without a hearing. *See Leonti*, 326 F.3d at 1116 (defendant filing a motion to vacate is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the defendant is entitled to no relief); *cf. United States v. Werle*, 35 F.4th 1195, 1202 (9th Cir. 2022) (evidentiary hearing necessary on § 2255 motion to determine factual questions underlying prejudice to overcome procedural default); *Iaea v. Sunn*, 800 F.2d 861, 865-66 (9th Cir. 1986) (remanding "for an evidentiary hearing to determine whether there is a reasonable probability Iaea would not have pled guilty absent counsel's erroneous advice"). Aparicio's "mere conclusory allegations do not warrant an evidentiary hearing." *See Shah*, 878 F.2d at 1161. Therefore, the Court finds that an oral hearing on the § 2255 Motion is not necessary.

**E.    Certificate of Appealability**

Pursuant to Habeas Rule 11, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant."  A court may issue a certificate of appealability where the moving party has made a substantial showing of the denial of a constitutional right, and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

The Court finds that Aparicio has not made a substantial showing of the denial of a constitutional right, for the reasons stated. Furthermore, based on the foregoing, Aparicio cannot show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong, or that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and the Court was correct in its procedural rulings. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

**IV.    CONCLUSION**

The Court observes that a *pro se* litigant's "pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys." *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, a "liberal construction" does not permit the Court to ignore "an obvious failure to allege facts that set forth a cognizable claim." United States v. *Caputo*, 2023 WL 5207318, at *3 (*citing James*, 24 F.3d at 26). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *Id.* The Court concludes that Aparicio has failed to state a claim for relief under 28 U.S.C. § 2255; Aparicio has failed to prosecute this action; Aparicio is not entitled to an oral hearing on the § 2255 Motion; and Aparicio is not entitled to a certificate of appealability. Thus, the Court **ORDERS**:

1.  The § 2255 Motion (Docs. 103, 115) is **DENIED**.

2.  The Court declines to issue a certificate of appealability.

///

///

///

10

3.  The Clerk of the Court is directed to enter judgment for the government and close the case.

IT IS SO ORDERED.

Dated:    **June 12, 2026**

UNITED STATES DISTRICT JUDGE